```
              UNITED STATES DISTRICT COURT
                      FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **KAREEM H. ALVEREST,** | : | |
| Plaintiff | : | CIVIL NO. 1:15-CV-00713 |
| vs. | : | |
| **WARDEN DONNA ZICKEFOOSE,** | : | (Judge Kane) |
| **et al.,** | : | |
| Defendants | : | |

**MEMORANDUM**

**Background**

This is a civil rights action filed under 28 U.S.C. § 1331 by Kareem H. Alverest, an inmate at the Federal Correctional Complex, Coleman, Florida, regarding medical treatment Alverest received while confined at that United States Penitentiary at Allenwood. Alverest names Wardem Donna Zickefoose and an unknown EMT as defendants.

Warden Zickefoose filed a motion to dismiss and/or for summary judgment on August 3, 2015. Doc. 16. On August 17, 2015, Defendant Zickefoose filed her brief in support of the motion. Doc. 17. Alverest's brief in opposition to this motion is overdue.[1] The "Unknown EMT" was not identified by Alverest and has not been served with the complaint. By letter dated June 2,

---

1. By order dated April 14, 2015, this court directed the parties' attention to the Local Rules of Court. The order referred specifically to an opposing party's duty to file a brief in opposition to a motion within fourteen (14) days after service of the movant's brief. See M.D. Pa. Local Rule 7.6.

2015, the Clerk's Office informed Alverest that it was unable to identify the "Unknown EMT" and therefore could not properly serve that Defendant. Alverest was provided with a form which directed him to provide the correct name and address for the "Unknown EMT." To date, Alverest has not filed the requested information.

By Order dated November 5, 2015, Alverest was directed to file a brief in opposition to Defendant Zickefoose's motion within twenty-one (21) days of the date of the Order. Doc. 19. Alverest was further directed to comply with the Clerk's letter of June 2, 2015. Alverest was specifically advised that failure to comply with the order would result in Defendant Zickefoose's motion being deemed unopposed and granted without a merits analysis and that the Unknown EMT would be terminated as a party to the action for failure to prosecute and abide by a court order. The deadline for Alverest to comply with the order was November 30, 2015, which gave Alverest three extra days for mailing.

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power

> to invoke this sanction is
> necessary in order to prevent
> undue delays in disposition of
> pending cases and to avoid
> congestion in the calendars of
> the District Courts. The power
> is of ancient origin, having its
> roots in judgments of <u>nonsuit</u> and
> <u>non prosequitur</u> entered at common
> law . . . . It has been
> expressly recognized in Federal
> Rule of Civil Procedure 41(b) . .
> . .

<u>Id</u>. at 629-30. The Court of Appeals for this circuit held in <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991) that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. However, the Court of Appeals did not vitiate the Supreme Court's decision in <u>Link</u>, Rule 41(b) of the Federal Rules of Civil Procedure or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not
> suggest that the district court
> may never rely on the local rule
> to treat a motion to dismiss as
> unopposed and subject to
> dismissal without a merits
> analysis. There may be some
> cases where failure of a party to
> oppose a motion will indicate
> that the motion is in fact not
> opposed, particularly if the
> party is represented by an
> attorney and in that situation
> the rule may be appropriately

3

> invoked. <u>Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked</u>.

<u>Id</u>. at 30 (emphasis added); <u>see</u> <u>also</u> <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992) ("<u>Poulis</u> did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the <u>Poulis</u> factors[2] need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

Though the deadline for filing a brief and respond to the Clerk's letter has passed, Alverest has failed to comply with the order or request an extension of time in which to do so. By order of November 5, 2015, Alverest was specifically directed to comply with Local Rule 7.6 by filing a brief in opposition. The

---

2. The Court of Appeals in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Court finds that the dilatoriness of Plaintiff outweighs any of the other considerations set forth in Poulis.  The court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Plaintiff's complaint both for failure to prosecute and for failure to comply with a court order.

    An appropriate order will be entered.